**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1482-22

MICHAEL BANDLER,

    Plaintiff-Appellant,

v.

GEORGE KOSTAS,

    Defendant-Respondent.

_____

> Argued January 10, 2024 – Decided January 24, 2024
>
> Before Judges Vernoia and Walcott-Henderson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-1403-21.
>
> Michael Bandler, appellant, argued the cause pro se.
>
> Joseph P. McGroarty argued the cause for respondent (Fitzgerald & McGroarty, attorneys; Joseph P. McGroarty, on the brief).

PER CURIAM

    Plaintiff Michael Bandler appeals from: an October 21, 2022 order granting defendant George Kostas's motion to bar the fraud claim asserted in

plaintiff's complaint; December 16, 2022 orders denying plaintiff's motion for reconsideration of the October 21, 2022 order and granting defendant's motion for summary judgment dismissing plaintiff's perjury claim; and a February 3, 2023 order denying plaintiff's Rule 2:5-3(c) motion to abbreviate the transcripts on appeal. Finding no merit to the arguments presented in support of plaintiff's appeal, we affirm.

## I.

In October 2018, plaintiff filed a complaint asserting a single cause of action for alleged fraud against defendant.[1] The complaint alleged plaintiff had obtained a $10,344 judgment for damages and a sanction against defendant's daughter who, "in answers to an information subpoena," disclosed she owned an automobile with a "then[-]present value of $7,195."

The complaint further alleged that during a post-judgment deposition, defendant had mispresented that the automobile "was no longer owned by [his daughter] and was then owned by him and his wife" and that his daughter "had given them the car in payment for her room and board." Plaintiff alleged that in a subsequent deposition, defendant admitted he and his wife had never owned the automobile.

---

[1] The complaint was docketed under No. ATL-L-2515-18.

Plaintiff asserted he had relied on the alleged misrepresentations to his detriment and thereby was prevented from "making attachment" of the automobile to satisfy his judgment against defendant's daughter. The complaint alleged plaintiff "suffered a financial loss as a result of [defendant's] perjury[,]" and sought a judgment for compensatory damages, fees, costs, and other "just and equitable" relief.

On February 25, 2020, the court entered an order finding "[p]laintiff failed to appear" for the scheduled trial in the matter and dismissing the complaint without prejudice for lack of prosecution.[2] Plaintiff appealed from the February 25, 2020 order dismissing his complaint without prejudice and also a January 14, 2020 order denying his motion to stay the Law Division proceedings related to his complaint.

In our decision on plaintiff's appeal, we explained that on November 4, 2019, plaintiff had "filed for Chapter 13 bankruptcy protection[,]" and a few days later "attended a previously scheduled arbitration" on his Law Division

---

[2] Defendant's appendix on appeal includes a March 2, 2020 order dismissing plaintiff's 2018 complaint with prejudice. The order does not include any markings showing it was filed by the court, defendant does not argue the court filed the order, and defendant does not claim the court dismissed the 2018 complaint with prejudice. We therefore do not consider the order in our analysis of the issues and arguments presented on appeal.

A-1482-22

fraud claim "but refused to participate." Bandler v. Kostas, No. A-2650-19 (App. Div. Mar. 3, 2021) (slip op. at 2). We further noted that in December 2019, plaintiff sought a stay of the proceedings on his complaint in the Law Division, arguing the automatic stay provision of the United States Bankruptcy Code, 11 U.S.C. § 362(a), barred further proceedings in the matter. Id. at 2-3. The Law Division judge denied plaintiff's application and refused to stay the proceedings on plaintiff's fraud claim. Ibid.

In our decision on plaintiff's appeal, we explained that he failed to appear for the February 24, 2020 trial on the fraud claim "believing that if he attended the proceedings, he would be in violation of the automatic stay." Ibid. We further noted that the trial court had entered an order dismissing "plaintiff's complaint without prejudice for lack of prosecution, a remedy expressly permitted by Rule 1:2-4(a)." Ibid.

We determined the court's January 14, 2020 order denying plaintiff's request to stay the proceedings and February 25, 2020 order dismissing the complaint without prejudice did not constitute final orders from which plaintiff could properly appeal as of right. Id. at 4; see also R. 2:2-3(a)(1). We explained that an order dismissing a complaint without prejudice "is generally not a final order from which an appeal may be taken as of right." Id. at 5. We determined

the interests of justice did not warrant a review of the challenged orders on an interlocutory basis and dismissed the appeal without prejudice.  Id. at 7.  We also found that plaintiff was not precluded by the trial court's orders or the applicable rules from filing an application for reinstatement of his 2018 complaint.  Id. at 5 n.3.

In accordance with our decision, plaintiff filed a motion in the Law Division to reinstate his 2018 complaint.[3]  Defendant filed opposition, and the court scheduled oral argument on the motion for April 23, 2021.[4]  Three days before the motion's return date, plaintiff submitted a letter to the court withdrawing the motion.

In 2021, plaintiff filed a new complaint in the Law Division based on the identical factual allegations asserted in the dismissed 2018 complaint.  The 2021

---

[3] The parties' appendices do not include the pleadings filed in connection with plaintiff's motion to reinstate his 2018 complaint in the Law Division.  In his brief on appeal, however, plaintiff explains he filed a motion "to resume the" 2018 "suit" and subsequently withdrew the motion before it was decided by the trial court.

[4] We glean the facts pertinent to the filing and withdrawal of the motion to reinstate the 2018 complaint from the court's memorandum of decision accompanying its October 21, 2022 order granting defendant's motion to bar the fraud claim in the 2021 complaint.  The parties do not challenge or dispute the court's description of plaintiff's filing and subsequent withdrawal of his motion to reinstate the 2018 complaint.

A-1482-22

complaint asserted two putative causes of action—for "perjury" and "fraud"—founded on the claim defendant provided false deposition testimony about his and his wife's ownership of their daughter's automobile. Defendant filed an answer, which included an affirmative defense that "[p]laintiff previously instituted the same cause of action . . . which was dismissed and never reinstated" and is "[a]ccordingly" barred under the entire controversy doctrine.

Defendant later moved for an order "barring" plaintiff's complaint under the entire controversy doctrine.[5] Following argument, the court entered an October 21, 2022 order and detailed memorandum of decision granting the motion and dismissing with prejudice the fraud claim in plaintiff's 2021 complaint under the entire controversy doctrine. The order further directed that

---

[5] Defendant's notice of motion and supporting papers sought an order "barring" plaintiff's fraud claim on entire controversy grounds. We interpret the motion as seeking dismissal of the fraud claim under Rule 4:6-2(e) but consider the motion as one for summary judgment under Rule 4:46 because defendant sought a judgment dismissing the claim as a matter of law and supported the motion with an affidavit of counsel setting forth facts outside those alleged in the complaint. See Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 107 (2019) (explaining a motion to dismiss a cause of action shall be treated as a motion for summary judgment under Rule 4:46 where the court "considers evidence beyond the pleadings"). As plaintiff acknowledges in his brief on appeal, there is no dispute among the parties as to the material facts pertinent to the disposition of the motion.

defendant had ten days to file a dispositive motion as to the remaining perjury cause of action asserted in the complaint.

Defendant timely moved for summary judgment on plaintiff's perjury claim. Defendant argued he was entitled to summary judgment because perjury is not a recognized civil cause of action and the claim is barred under the entire controversy doctrine because it is based "upon the identical facts and circumstances set forth in" plaintiff's dismissed 2018 complaint.

Plaintiff filed a motion for reconsideration of the court's October 21, 2022 order granting defendant's motion to bar the fraud claim in the 2021 complaint. The record on appeal does not include any of the pleadings submitted in connection with plaintiff's reconsideration motion. See R. 2:6-1(a)(1)(A) and (I) (requiring an appellant's appendix include the pleadings in a civil action and the other parts of the record, excluding stenographic transcripts, that are essential to a proper consideration of the issues).

Following argument on the parties' motions, the court entered a December 16, 2022 order and an accompanying memorandum of decision denying plaintiff's motion for reconsideration. The court also entered a separate December 16, 2022 order and memorandum of decision granting defendant's motion for summary judgment on the perjury claim and dismissing plaintiff's

7

2021 complaint with prejudice. The court found no authority for "a civil cause of action for perjury when a defendant has been less than truthful in a deposition regarding collection of a judgment."

In anticipation of the filing of his appeal from the court's October 21, 2022 and December 16, 2022 orders, plaintiff filed a motion in the Law Division for "elimination of transcripts" seeking leave to abbreviate the transcripts to be supplied in support of the appeal as permitted under Rule 2:5-3(c).[6] Following defendant's submission of opposition to the motion, the court entered a February 3, 2023 order and memorandum of decision denying the requested relief.[7] The court noted that it had held lengthy oral arguments on the prior motions and had explained its decisions during those transcribed proceedings, and concluded the transcripts of the proceedings "are relevant and essential" to a "proper consideration and reasoned review of the issues on appeal." This appeal followed.

---

[6] In pertinent part, Rule 2:5-3(c)(2) provides the transcripts on appeal may be abbreviated "by order of the trial judge or agency which determined the matter on appellant's motion specifying the points on which the appellant will rely on the appeal."

[7] Plaintiff's appendix does not include defendant's opposition to the motion. See R. 2:6-1(a)(1)(A) and (I).

A-1482-22

II.

We begin by noting that although plaintiff's notice of appeal refers to the December 16, 2022 order granting defendant's motion for summary judgment on plaintiff's putative cause of action for perjury, plaintiff's brief on appeal offers no argument challenging the validity of the order. We therefore deem plaintiff's appeal from the order abandoned and affirm the December 16, 2022 order granting defendant summary judgment dismissal of the perjury claim. See Pullen v. Galloway, 461 N.J. Super. 587, 595 (App. Div. 2019) (deeming a failure to offer argument challenging an order on appeal an abandonment of the appeal from the order).

Plaintiff also argues the court erred by granting defendant's motion to bar his cause of action for fraud under the entire controversy doctrine. More particularly, plaintiff claims that because the fraud claim asserted in his 2018 complaint was dismissed without prejudice, he was not barred under the entire controversy doctrine from refiling the identical claim in his 2021 complaint. He argues the motion court erred by concluding otherwise.

The entire controversy doctrine is "an equitable doctrine whose application is left to judicial discretion based on the factual circumstances of individual cases." Dimitrakopoulos, 237 N.J. at 114 (quoting Highland Lakes

9

Country Club & Cmty. Ass'n v. Nicastro, 201 N.J. 123, 125 (2009)). Thus, although the court's order barring plaintiff's fraud claim in the 2021 complaint constituted a summary judgment award under Rule 4:46, we review the order for an abuse of discretion, see Unkert by Unkert v. Gen. Motors Corp., 301 N.J. Super. 583, 595 (1997), rather than the de novo review we otherwise apply to an order granting summary judgment, see Conforti v. Cnty. of Ocean, 255 N.J. 142, 162 (2023). A court abuses its discretion when its "decision [is] made without a rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis." United States v. Scurry, 193 N.J. 492, 504 (2008) (citing Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

The entire controversy "'doctrine "embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in [the] litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy."'" Bank Leumi USA v. Kloss, 243 N.J. 218, 227 (2020) (quoting Wadeer v. N.J. Mfrs. Ins. Co., 220 N.J. 591, 605 (2015)). The doctrine serves "three fundamental purposes: '(1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to the parties to the action and those with a material interest in the action; and (3)

efficiency and the avoidance of waste and the reduction of delay.'" Ibid. (quoting DiTrolio v. Antiles, 142 N.J. 253, 267 (1995)).

"Fairness in the application of the entire controversy doctrine focuses on the litigation posture of the respective parties and whether all of their claims and defenses could be most soundly and appropriately litigated and disposed of in a single comprehensive adjudication." DiTrolio, 142 N.J. at 267. Here, plaintiff's 2018 complaint was dismissed without prejudice in accordance with Rule 1:2-4 as a result of his failure to appear for a scheduled trial on the complaint in a matter that had been pending for two years.

In our decision on plaintiff's attempt to appeal directly from the dismissal, we noted the court's dismissal order permitted plaintiff to move to reinstate the complaint. See Bandler, slip op. at 5. Plaintiff then moved to reinstate the complaint but withdrew the motion prior to its return date before the trial court. Had plaintiff permitted the court to consider and decide the motion to reinstate the complaint, the court may have properly imposed monetary or other sanctions as a condition of the reinstatement. See Kornbleuth v. Westover, 241 N.J. 289, 300-01 (2020) (affirming, in part, a trial court's imposition of a monetary sanction as a condition of the reinstatement of a complaint dismissed pursuant to Rule 1:2-4 based on plaintiff's counsel's failure to appear at a scheduled trial).

11

Plaintiff avoided the prospect of a sanction against him as a condition of obtaining the reinstatement of his 2018 complaint—that was dismissed in accordance with Rule 1:2-4 due solely to his failure to appear for a scheduled trial—by withdrawing his motion to reinstate the complaint and instead filing the 2021 complaint alleging an identical fraud claim based on the identical facts. Plaintiff offered no reason to the motion court, and offered no reason in his merits brief on appeal, for his decision to forego the available reinstatement remedy in his original lawsuit.

At oral argument on this appeal, plaintiff stated he opted to file the new complaint rather than proceed with his motion to reinstate the complaint in the 2018 action for the purpose of obtaining additional time for discovery on his fraud claim that he would have otherwise not been entitled in the 2018 action, which, as noted, was dismissed when plaintiff failed to appear for trial. And, by withdrawing his motion to reinstate the complaint, plaintiff also avoided the potential consequences—a possible monetary or other sanction under Rule 1:2-4—related to his failure to appear for the scheduled 2020 trial on his 2018 complaint. When viewed in the context of those circumstances, plaintiff's tactic was fundamentally unfair because, if successful, it would have deprived defendant of the opportunity to seek the sanction or otherwise oppose

12

reinstatement of the complaint, and would have rewarded plaintiff's effort to obtain an extension of time for discovery on his claims against defendant by failing to appear for the scheduled trial on the 2018 complaint.

In our view, plaintiff's filing of the 2021 complaint constituted an attempt to engage in piecemeal litigation in different proceedings to avoid the consequences of his failure to timely complete discovery in the 2018 action and appear for trial on his 2018 complaint. See Bank Leumi USA, 243 N.J. at 227. Permitting plaintiff to proceed with the 2021 complaint would have resulted in a waste of judicial resources—the prosecution of an identical cause of action in a separate matter when there was a means for continuing the prosecution of the identical claim against the identical party in an extant proceeding that had provided plaintiff "a fair and reasonable opportunity to litigate [his] claim," see Dimitrakopoulos, 237 N.J. at 115, by affording him discovery and a scheduled trial in the first instance, and the means for reinstating the original 2018 complaint after it was dismissed due to plaintiff's failure to appear for trial. In short, under these circumstances, the motion court's eminently fair application of the entire controversy doctrine is consistent with each of the doctrine's purposes and did not constitute an abuse of discretion.

Plaintiff's reliance on Woodward-Clyde Consultants v. Chemical & Pollution Sciences, Inc., 105 N.J. 464, 472 (1987), is also misplaced. In Woodward-Clyde, the defendant asserted a counterclaim in its answer to the complaint. Id. at 467. The counterclaim was later dismissed because the defendant refused to provide discovery based on its assertion of its Fifth Amendment privilege against self-incrimination. Id. at 468-70. The trial court dismissed the counterclaim without prejudice pursuant to Rule 4:37-2(a) based on defendant's refusal to comply with the court's discovery order. Id. at 472-72. After the civil action and criminal proceeding against the defendant ended, the defendant instituted a new proceeding asserting the same claims it had originally included in the dismissed counterclaim. Id. at 470.

The Court determined the new action did not violate the entire controversy doctrine. The Court explained that "[t]o satisfy" the entire controversy doctrine, "a party is obliged only to assert [a] claim" and the defendant had done so by averring in its newly filed complaint the claims it had previously asserted in the dismissed counterclaim. Id. at 473. The Court further noted that "a party is required to assert in one action all claims arising from a single controversy," and the defendant had fulfilled that requirement by asserting its claims against plaintiff in the counterclaim that had been dismissed. Ibid.

Unlike the defendant in <u>Woodward-Clyde</u>, plaintiff was not prevented from prosecuting his fraud claim in the original lawsuit based on his proper exercise of a constitutional right or otherwise. Plaintiff did not complete the prosecution of his fraud claim in the 2018 action because he failed to appear for a scheduled trial on the claim. Yet, even so, he was not precluded from reinstating the claim in the 2018 action, and was directly authorized to do so, in our decision on his unsuccessful attempt to appeal. But rather than properly seeking to reinstate the complaint and addressing the potential sanctions that may have been imposed as a result of his failure to appear for the trial, plaintiff filed a separate lawsuit asserting the identical claim against the same party in an unfair attempt at gamesmanship that is wholly inconsistent with the purposes of the entire controversy doctrine. There were no similar circumstances extant in <u>Woodward-Clyde</u>.

Accordingly, we affirm the court's October 21, 2022 order granting defendant's motion for summary judgment dismissing the fraud claim. We find all of plaintiff's remaining arguments concerning the October order, most of which are founded on citations to unpublished or inapplicable cases, to be without sufficient merit to warrant any further discussion. <u>R.</u> 2:11-3(e)(1)(E). We also note that because we affirm the court's October 21, 2022 order, it is

unnecessary to address the merits of plaintiff's claim the court erred by entering the December 16, 2022 order denying his motion for reconsideration.

Plaintiff further argues the court erred by entering the February 3, 2023 order denying his motion to abbreviate the transcripts on appeal. In support of his argument, plaintiff relies solely on Rule 2:9-13(b), which prescribes the requirements for providing transcripts in appeals from orders granting pretrial detention pursuant to the Criminal Justice Reform Act, N.J.S.A. 2A:162-15 to -26, and Rule 3:4A. Rule 2:9-13 has no application here and plaintiff's reliance on it as the singular basis for his challenge to the court's February order is misplaced.

The motion court correctly considered plaintiff's motion under Rule 2:5-3(c)(2), which our Supreme Court has noted permits an abbreviation of the trial transcripts on appeal, "[w]here the specified grounds of appeal do not require a complete transcript." In re Guardianship of Dotson, 72 N.J. 112, 117 (1976). Plaintiff does not argue the court erred by denying his motion under Rule 2:5-3(c)(2), and we discern no basis to conclude that it did. As the motion court correctly recognized, the transcripts provide a record of the parties' arguments and, in part, the court's decisions, and they aided our review of the issues raised

16

on appeal. We therefore affirm the February 3, 2023 order denying plaintiff's motion to abbreviate the transcripts of the proceedings.

To the extent we have not expressly addressed any of plaintiff's remaining arguments, we find they are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

17

A-1482-22